UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT A. MERRITT,

    *Plaintiff*,

v.

ANDREW ISAGUIRRE, RICHARD
DICKS, KATHLEEN HAUK,
MORENIKE CHRISTIAN, KRISTIE
STROBLE, and MICHIGAN
DEPARTMENT OF CIVIL RIGHTS,

    *Defendants*.
_____/

CASE NO: 12-CV-13717

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because the complaint fails to state a claim upon which relief can be granted.

**II.    REPORT**

    **A.    Introduction**

On August 22, 2012, Plaintiff Scott A. Merritt filed this *pro se* action. The case was referred to the undersigned magistrate judge for pretrial proceedings. (Doc. 3.) Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). (Doc. 4.) After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

**B.     Screening Procedure & Governing Law**

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Therefore, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, courts are required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

### C. The Complaint

Since the complaint in this case is a long narrative with no citation to statutes or constitutional provisions, it is unclear what basis Plaintiff posits for federal court jurisdiction. Plaintiff complains:

> I have been damaged irrevocably, personally, financially and professionally as a result of the named parties. They intentionally with malicious and tortious intent failed to enforce federal civil rights laws against third parties of Jonathon Lauderbach, Catherine Davis, Karen Wagner, Deb Finney, Katie Genzel, Midland County, Midland County Friend of the Court, State of Michigan, the[ir] acts of willful blindness are beyond the scope of merely civil infraction to criminal proportions and as a result a criminal filing has also been submitted to the appropriate authorities against all named defendants. As well as those they failed to enforce laws upon criminally as well. The named defendants acted [with] willful blindness, malicious and tortious intent in failing to enforce related federal civil rights laws. This was done through intentional lack of action[,] continual reassignment of the file, intentional and repeated destruction of submitted evidence and failure to take witness statements in an effort to run out statutory clock.

(Doc. 1 at 1-2.)[1]

Plaintiff attaches a letter dated August 14, 2012, which is addressed to the "Public Integrity Division," with the Defendants listed in the subject line under the heading "criminal complaint against the following." (*Id.* at 3.) In the letter, Plaintiff indicates he is filing a "criminal complaint"

---

[1] I note that Plaintiff has filed two actions in this Court against the Midland County defendants: Eastern District of Michigan Case Nos. 12-cv-13645 and 12-cv-14141.

against Defendants based on their mishandling of a "series of civil rights violations [complaints] against Midland County, Midland county friend of the court, Deb Finney, Catherine Davis, Jonathon Lauderbach and Katie Genzel." (*Id*. at 3.) Plaintiff states that the Defendants had "blatant disregard for the matter at hand" and "fail[ed] to interview witnesses and take the appropriate action . . . ." (*Id*. at 4.) Plaintiff concludes that the "civil rights division . . . intentionally tried to dismiss several of the allegations [against the Midland County Defendants] by sweeping them under the rug and only allegedly addressing the gender bias." (*Id*. at 4.) Plaintiff states that "the Midland County Violators intentionally imposed excessive court fees" on Plaintiff "[w]hile when the mother did this no recourse was taken," which Plaintiff asserts "is gender bias by any standard." (*Id*. at 5.)

### D.  Analysis & Conclusions

Although it is unclear whether Plaintiff has filed a civil rights claim, he does complain that the Defendants "failed to enforce federal civil rights laws against third parties." (Doc. 1 at 1.) Therefore, the Court will construe the complaint most liberally to conclude Plaintiff intended to set forth a civil rights claim under § 1983.

To state a civil rights claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) (a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("[a] plaintiff must allege facts, not simply conclusions, that show that

4

an individual was personally involved in the deprivation of his civil rights"). To state a claim against a supervisory official, the plaintiff must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Here, none of the defendants are even mentioned in the body of the complaint; the only reference to them is in the caption. In the remainder of the complaint, Plaintiff simply refers to them as the "named defendants." (Doc. 1 at 1-2.) Plaintiff's attached letter dated August 14, 2012, whic is addressed to the "Public Integrity Division," lists the Defendants in the subject line under the heading "criminal complaint against the following." (*Id*. at 3.) In the body of the letter, Plaintiff complains of the inaction of Defendants Hauk, Christina, and Dicks; however, Plaintiff fails to give any coherent chronology of what documents he submitted to defendants, when he submitted them, what the documents requested, and what response was given. (*Id*. at 5.) Instead, Plaintiff simply concludes that the "civil rights division . . . intentionally tried to dismiss several of the allegations [against the Midland County Defendants] by sweeping them under the rug and only allegedly addressing the gender bias." (Doc. 1 at 4.) This method of pleading fails to state a claim because "[e]ach defendant's liability must be assessed individually based on his own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010).

The Sixth Circuit has "held that the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal." *Cantley v. Armstrong*, No. 09-1092, 2010 WL 3245548, at * 1 (6th Cir. Aug. 17, 2010) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999)). *See also*

5

*Shorter v. Campbell*, 59 Fed. App'x 673, 675 (6th Cir. 2003) ("As the plaintiffs' complaint was dismissible under 42 U.S.C. §§ 1915(e) and 1915A, they did not have the right to amend their complaint prior to dismissal."); *Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir. 1999); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). This rule is strictly followed in this district. *See Ashley v. Wilson*, No. 10-10512, 2010 WL 1246525, at *1 (E.D. Mich. March 25, 2010) ("The Court does not have discretion to allow prisoners filing suit *in forma pauperis* to amend their complaint to avoid *sua sponte* dismissal . . . ."); *McGore v. Lutz*, No. 09-13031, 2009 WL 2959874, at *1 (E.D. Mich. Sept. 11, 2009). Furthermore, a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his objections to a report and recommendation. *Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008).

Accordingly, I suggest that Plaintiff's complaint be *sua sponte* dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915e(2)(B).

**E.     Alternative Analysis**

Even if the complaint were not legally deficient in its form of pleading, I suggest the result would be the same as to Defendant Michigan Department of Civil Rights. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Since Congress has not abrogated Eleventh Amendment immunity by statute nor did it do so under § 1983, *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993), and Michigan has not consented to suit,

6

*Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), I suggest that the Michigan Department of Civil Rights remains immune from suit under the Eleventh Amendment. *See Satkiewicz v. Michigan*, No. 11-cv-14370, 2012 WL 3778983, at *2 (E.D. Mich. May 29, 2012) (recommending dismissing MDCR); *Hasan-El v. United States*, No. 2:06-cv-264, 2007 WL 1650930 (W.D. Mich. June 4, 2007) (dismissing MDCR as immune from suit).

**F.     Conclusion**

For the reasons stated above, I suggest that the case be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has failed to state a claim upon which relief can be granted.

**III.     REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                              s/ Charles E. Binder
                                              CHARLES E. BINDER
Dated: September 27, 2012                United States Magistrate Judge

## CERTIFICATION

    I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Scott A. Merritt, P.O. Box 725, Bay City, MI 48707.

Date: September 27, 2012                By    s/Patricia T. Morris
                                                             Law Clerk to Magistrate Judge Binder