UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT A. MERRITT,

                Plaintiff,                                  Case No. 12-13717
                                                               Honorable Thomas L. Ludington

v.

ANDREW ISAGUIRRE, RICHARD
DICKS, KATHLEEN HAUK, MORENIKE
CHRISTIAN, KRISTIE STROBLE, and
MICHIGAN DEPARTMENT OF CIVIL
RIGHTS,

                Defendants.

_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Scott A. Merritt filed this *pro se* action on August 22, 2012. That same day he filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which was granted. Pursuant to that statute, Magistrate Judge Charles E. Binder reviewed Plaintiff's complaint, and recommended its dismissal. Upon review of Plaintiff's objections to Magistrate Judge Binder's recommendation, Plaintiff's complaint does not state a claim on which relief may be granted, and the action will be dismissed.

**I**

Plaintiff begins his complaint with the following claim: "I have been damaged irrevocably personally, financially and professionally as a result of the named parties." Pl.'s Compl. 1, ECF No. 1. According to Plaintiff, the named parties "intentionally with malicious and tortious intent failed to enforce federal civil rights laws against third parties . . . ." *Id*. Plaintiff then lists seven parties he has named as defendants in two other pending lawsuits (Case

Nos. 12-13645, 12-14141).  Plaintiff also claims the Defendants in this case failed to enforce criminal laws against those third parties.  Suffice it to say, Plaintiff's allegations are that seven third-parties violated his rights, and Defendants here failed to enforce the laws to protect him.

## II

The Supreme Court has recognized that Congress, in enacting the federal *in forma pauperis* statute, " 'intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs' of litigation." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)).  At the same time, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*, 504 U.S. at 31 (quoting *Neitzke v. Wiliams*, 490 U.S. 319, 324 (1989)).  Responding to this concern, Congress provided § 1915(e)(2), which establishes that a court "*shall* dismiss the case" if the court finds that:

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal –
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

Section 1915(e)(2) (emphasis added).

When a plaintiff proceeds without the assistance of counsel, a court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading

drafted by an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nevertheless, a complaint must contain more than legal labels, conclusions, and a recitation of the elements of a cause of action, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); it must contain "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.

**III**

Plaintiff first objects to Magistrate Judge Binder's involvement with this case.  That objection will be addressed, followed by the sufficiency of Plaintiff's pleadings.

**A**

Plaintiff has made very clear that he believes Magistrate Judge Binder is biased against him, and as a result, has interfered with this case.  Specifically, Plaintiff believes "Magistrate Charles Binder has exhibited judicial bias on other matters . . . and based on this fact; there is no confidence in his ability to remain objective in the matters involved."  Pl.'s Obj. Consent 1, ECF No. 6.  However, in two other cases where Plaintiff objected to Magistrate Judge Binder's involvement (Case Nos. 12-12903, 12-14233), a hearing on his objections was held.  During that hearing, Plaintiff acknowledged that the source of this alleged bias is interactions between himself and the magistrate judge on behalf of the IRS in cases over the past fifteen years.

But that is impossible.  Magistrate Judge Binder was appointed to his current position in October 1984.[1]  He has served dutifully since that time.  Plaintiff was born in 1972, so unless he was involved with IRS disputes before his twelfth birthday, he is simply mistaken.  More likely, Plaintiff is confusing the magistrate judge with Charles E. Binder of Binder&Binder, "America's Most Successful Social Security Disability Advocates."[2]  Magistrate Judge Binder of the Eastern

---

[1] http://www.mied.uscourts.gov/judges/guidelines/topic.cfm?topic_id=365
[2] http://www.binderandbinder.com/

District of Michigan, however, has never been involved with Plaintiff in any capacity aside from the current cases pending on this Court's docket.

Because Plaintiff's objections to Magistrate Judge Binder's involvement in his cases are inaccurate and frivolous — if not defamatory — they will not affect the cases currently on file in this Court. Magistrate Judge Binder will continue to act as the gatekeeper for *in forma pauperis* lawsuits filed pursuant to § 1915. If Plaintiff wishes to avoid this circumstance, he need only pay the necessary filing fees.

**B**

Magistrate Judge Binder recommended Plaintiff's complaint be dismissed because it does not state a claim upon which relief can be granted. Magistrate Judge Binder is correct, and Plaintiff's complaint will be dismissed.

Although Plaintiff's claims are not entirely clear, he does allege Defendants "failed to enforce federal civil rights laws against third parties." Pl.'s Compl. 1. Thus, his complaint will be construed most liberally as a civil rights claim under 42 U.S.C. § 1983. To state a civil rights claim, a plaintiff must "plead that each Government-official defendant, through his own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Although detailed factual allegations are not required, Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678.

Plaintiff's complaint doesn't even come close. None of the Defendants are mentioned individually in the body of the complaint, much less the actions each took to violate Plaintiff's rights. Instead, Plaintiff simply concludes that the "civil rights division . . . intentionally tried to dismiss several of the allegations [against the Midland County Defendants] by sweeping them under the rug and only allegedly addressing the gender bias." Pl.'s Compl. 4. He continues,

"The named defendants acted with willful blindness, malicious and tortious intent in failing to enforce related federal civil rights laws." *Id*. at 2.

Such a complaint does not contain sufficient information to raise Plaintiff's allegations beyond the speculative level. Noted by the Supreme Court, a claim only has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. 678 (citations omitted). Plaintiff gives the Court little more than the slightest possibility Defendants are liable in this case. His complaint does not contain the specificity required, even for a *pro se* litigant, to pass muster under Rule 8. *See Twombly*, 550 U.S. at 555 (while a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers, the complaint must nevertheless contain more than mere legal conclusions).

The Sixth Circuit has held that under § 1915A, "district courts are not to permit plaintiffs to amend a complaint to avoid dismissal." *Cantley v. Armstrong*, 391 F. App'x 505, 507 (6th Cir. 2010) (unpublished) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999)). The rule is strictly followed. *See Ashley v. Wilson*, No. 10-10512, 2010 WL 1246525, at *1 (E.D. Mich. Mar. 25, 2010) ("The Court does not have discretion to allow [parties] filing suit *in forma pauperis* to amend their complaint to avoid *sua sponte* dismissal under 28 U.S.C. § 1915(e).") (citing *Shorter v. Campbell*, 59 F. App'x 673, 675 (6th Cir. 2003) (unpublished)).

It follows that Plaintiff's complaint does not state a claim for which relief can be granted, and his complaint will be dismissed.

**IV**

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation, ECF No. 5, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's objections, ECF Nos. 6, 7, 8, and 9, are **OVERRULED**.

It is further **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED** with prejudice.

Dated: March 19, 2013                                      s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 19, 2013.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS